IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-97-1H
No. 7:17-CV-234-H

SHAWNEE OTTO JENNINGS,
    Petitioner,

v.                            **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #108]. Petitioner also filed a supplement which he entitled "revisement notice," [DE #111], and a memorandum in support, [DE #115], all of which contents the court has considered herein. The government filed a motion to dismiss, [DE #116], to which petitioner responded, [DE #121].

Petitioner then filed a motion requesting additional time to supplement his response to the government's motion to dismiss, [DE #122] which the court allowed, [DE #123], but petitioner filed an additional letter regarding having not received requested materials, [DE #124]. There have been no further filings related to the § 2255 motion in this matter. The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On August 8, 2016, petitioner pled guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine base (crack), a quantity of marijuana, and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), (Count One). On December 6, 2016, petitioner was sentenced to a total term of imprisonment of 188 months. Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals "dismiss[ed] the appeal in part and affirmed the district court's judgment as to any issue not precluded by the appeal waiver." [DE #105].

Defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on December 5, 2017, [DE #108], alleging various claims of ineffective assistance of counsel, due process violations, and prosecutorial misconduct as detailed herein.

## COURT'S DISCUSSION

i.  **Standard of Review**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's

2

conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

    **ii. Analysis**

        **A. Ineffective Assistance of Counsel at the Suppression Hearing (Ground One)**

Petitioner contends counsel rendered ineffective assistance because counsel's "paralegal" offered the opening and closing arguments, at petitioner's suppression hearing, [DE #63 at 8, 65], on July 14, 2015, and petitioner did not consent to this representation as required by the Student Practice Rule of the
3

Local Rules of this court.[1] [DE #108 at 4; DE #111 at 4; DE #115 at 1; DE #121 at 4-5]. However, petitioner's argument is misplaced, as counsel introduced Mr. Smallings as his colleague and a review of the records of the North Carolina State Bar reveal Mr. Smallings was licensed to practice law in the State of North Carolina at the time of the hearing. Next, petitioner contends his counsel rendered ineffective assistance by his failure to make particular arguments at petitioner's suppression hearing. [DE #121 at 6].

Namely, petitioner contends that counsel should have focused more on the pretext issue, [DE #121 at 6]; failed to subpoena the driver of the car, [DE #121 at 7]; failed to let petitioner testify at his suppression hearing about the traffic stop or whether the car window was "up or down", [DE #121 at 7]; and failed to put a photo of the car into evidence, [DE #121 at 7].

At the suppression hearing, counsel argued the pretext issue, [DE #63 at 65]; counsel entered a photo of the car into evidence, [DE #63 at 53-54, 62-63]; and as to petitioner's additional claims, he has not shown facts demonstrating why this does not fall within trial strategy. See Strickland, 466 U.S. at 689 (quoting Michel, 350 U.S. at 101). Additionally, counsel objected to the Magistrate Judge's Memorandum and Recommendation, following the suppression

---

[1] The court notes petitioner intended to reference Local Criminal Rule 57.2(e)(1) but mistakenly references Local Civil Rule 83.2.

hearing, [DE #61], arguing at length regarding the pretext issue and the state of the car window, as counsel had argued at hearing. [DE #65 and DE #63 at 65-66]. This court considered de novo the objections to the M&R and affirmed the M&R. [DE #66].

Petitioner also contends that he did not knowingly consent to have the Magistrate Judge adjudicate his suppression hearing on July 14, 2015, [DE #121 at 17, 18-19]. However, the undersigned referred the suppression motion to United States Magistrate Judge Swank for conduct of an evidentiary hearing and entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B); therefore, petitioner's consent was not required.

Therefore, petitioner has failed to state a claim on these issues.

### B. Ineffective Assistance of Counsel at the June 13, 2016 Hearing; June 27, 2016 Arraignment; and August 8, 2016 Change of Plea Hearing(Ground Two)

Petitioner contends counsel rendered ineffective assistance and the court committed a due process violation because 1) petitioner did not sign a consent form on June 13, 2016 or June 27, 2016, for his arraignment to proceed before United States Magistrate Judge Kimberly A. Swank, [DE #121 at 24]; 2) Magistrate Judge Swank allegedly attempted to deny him his right to remain silent, [DE #108 at 5 citing DE #101 Arr. Tr. at 14-19]; 3) petitioner entered a "forced" not guilty plea at this June 27, 2016 arraignment, [DE #108 at 5 citing DE #101 Arr. Tr. at 14-19,

5

29]; 4) counsel disregarded petitioner's request to have the undersigned conduct the arraignment and also informed petitioner he did not have the right to remain silent, [DE #108 at 5 citing DE #101 Arr. Tr. at 18]; and 5) petitioner did not understand most of June 27, 2016 proceedings, [DE #121 at 25].

A plea of "not guilty" was entered on petitioner's behalf on June 27, 2016, pursuant to Fed. R. Crim. P. 11. [DE #101 at 28]. See Fed. R. Crim. P. 11(a)(4) ("If a defendant refuses to enter a plea [. . .] the court must enter a plea of not guilty."). Counsel advised petitioner he did not have a right to remain silent as to stating his name on the record. [DE #101 Ev. Hrg. Arr. Hrg. Tr. at 18-19]. He was advised by the United States Magistrate Judge that he had the right to remain silent as to any criminal charges. Id. at 20, 25. Petitioner has not shown facts to support the claim that he was deprived of his right to remain silent, and he has not alleged facts to show counsel's performance was deficient.

Additionally, as to petitioner's argument that the court committed a due process violation by taking his plea of "not guilty" without a consent to proceed before a United States Magistrate Judge, petitioner has not presented evidence to support his argument that his consent to proceed was necessary for the entry of a plea of not guilty in accordance with Fed. R. Crim. P. 11(a)(4). Therefore, this argument is also without merit.

6

Petitioner also contends the August 8, 2016 change of plea hearing did not cure the June 13, 2016 arraignment issues, [DE #121 at 8], as (1) petitioner was not made aware of "the legal procedure or ramifications concerning a magistrate judge versus a District judge until after the plea," [DE #121 at 8]; and (2) petitioner was under the impression that an Assistant United States Attorney had been removed and that a replacement was moving forward without the § 851 enhancement in the plea.

Petitioner was not arraigned on June 13, 2016, but rather an oral motion to continue the arraignment was granted and petitioner was arraigned on June 27, 2016, where a not guilty plea was entered on his behalf as he refused to enter a plea. At his August 8, 2016 change of plea hearing, petitioner signed a consent to proceed before the United States Magistrate Judge and entered a plea of guilty. [DE #103 at 11, 15]. Petitioner was notified of the § 851 enhancement that had been filed, and he was advised of the maximum penalties. [DE #103 at 15]. He affirmed that he understood what he was being charged with and the maximum penalties that he faced. Id. Petitioner has not shown facts to support the claim that his counsel rendered ineffective assistance.

### C. Ineffective Assistance of Counsel at the Change of Plea Hearing based on Change of AUSA (Ground Three)

Petitioner contends his counsel rendered ineffective assistance by conspiring with the Assistant United States Attorney ("AUSA") at petitioner's change of plea hearing on August 8, 2016, to convince petitioner that AUSA Lathan had been replaced by AUSA Lemmon for the representation of the government at the order of the undersigned, in order to convince petitioner to sign a consent to proceed form. [DE #108 at 6-7 and DE #111 at 3-5 citing DE #103 Chg. Plea Hrg. Tr. at 11].

Petitioner contends this perceived change of AUSA was important to him because he believed his prior defense counsel Lauren Brennan had shared privileged information with AUSA Lathan before she had to withdraw from representing petitioner due to a conflict of interest, and petitioner believed AUSA Lathan then used this information against him to negotiate a plea. Petitioner further believed by having AUSA Lemmon replace AUSA Lathan, this information would not have been disclosed to AUSA Lemmon.

Petitioner also contends Brennan rendered ineffective assistance and her performance fell below reasonable professional norms as she disclosed "my case/trial strategy and privileged information with the prosecutor, Mr. L. Lathan." [DE #121 at 17].

8

Petitioner has not alleged facts showing counsel rendered ineffective assistance on this issue. At his June 27, 2016 evidentiary hearing, counsel for petitioner asked petitioner, "correct me if I'm wrong, but is the bottom line in your view that because Ms. Brennan withdrew from your case, from representing you in this case, on the basis of a conflict of interest, you feel that that conflict of interest extended to the Government's attorney, Mr. Lathan?" [DE #101 at 10]. Petitioner responded, "exactly." Id. Petitioner's testimony was the extent of the evidence presented at the evidentiary hearing and the government did not present evidence. Id. Both parties made closing arguments. Id. at 10-12. Magistrate Judge Swank denied petitioner's motion to disqualify counsel in open court with defendant present. Id. at 12-13. Additionally, at the change of plea hearing, the Magistrate Judge stated the following:

> Sir, we were last here, I believe, on June 27th of this year with respect to an evidentiary hearing on your motion to disqualify Assistant United States Attorney Toby Lathan due to conversations or discussions between him and your prior counsel, Ms. Brennan. Now, at that hearing, that motion was denied. And the Court entered a plea of not guilty on your behalf. My understanding, sir, is that you wish to change that plea and enter a plea of guilty pursuant to the plea agreement that you had previously entered into with the United States.

[DE #103 Change of Plea Hrg. Tr. at 11]. Petitioner answered affirmatively. Id. He contends that he believed the § 851 enhancement would not apply if Mr. Lemmon were the AUSA on his

9

case, however Mr. Lemmon appeared for the government at the August 8, 2016 hearing and stated the § 851 enhancement provided the basis for the maximum penalties. [DE #103 at 15]. AUSA Lathan signed defendant's plea agreement. [DE #86].

Petitioner has not presented facts that could support a claim that counsel rendered ineffective assistance at his change of plea hearing, or prior by Ms. Brennan during her representation of petitioner.

### D. Ineffective Assistance of Counsel Regarding § 851 Enhancement (Ground Four)

Petitioner contends that on November 19, 2016, his attorney visited him in jail to review the presentence investigation report ("PSR"). The PSR did not include an enhanced penalty under 21 U.S.C. § 851 and did not have any objections to the PSR by the government. On the morning of the sentencing hearing, the § 851 enhancement was added and a revised PSR was filed. [DE #93]. Petitioner contends his counsel did not object with a legal basis to this enhancement, he simply stated that this client wanted him to object. [DE #108 at 8 and DE #111 at 5]. Petitioner also contends he also was not properly served with the revised PSR and was not afforded meaningful consultation with counsel regarding the revised PSR, [DE #121 at 15, 20-21].

At the sentencing hearing, counsel for petitioner argued that it was a late revision to the PSR. [DE #102 at 2]. The government

counsel argued despite the late filing of the revised PSR, the § 851 enhancement had been in discussions between parties since "day one" and therefore "came as no surprise." [DE #102 at 3-4]. The government's notice of the § 851 enhancement had been filed on November 18, 2014 and was noted in the plea agreement. [DE #18 and DE #86 at 5]. The court, noting the lateness of the revised PSR, sentenced petitioner at the lowest end of the guideline range established at sentencing, a sentence of 188 months. [DE #96]. This sentence was at the low end of the guideline range as calculated at sentencing, but still within the guideline range of the advisory guidelines if the § 851 enhancement had not been applied. [DE #102 at 3, 4].

Regarding petitioner's failure to be served with the amended PSR as required by Local Crim. Rule 32.2(e) or to have "meaningful consultation" with counsel regarding the revised PSR, counsel at sentencing objected to the § 851 enhancement and noted that counsel would be asking for a variance. [DE #102 at 2-3]. Further, petitioner's plea agreement contemplated the application of the § 851 enhancement. Petitioner's claim fails.

Finally, to the extent petitioner contends the court erred in sentencing petitioner under the revised PSR with the § 851 enhancement, petitioner already appealed on this ground. As noted supra, a petitioner may not use a section 2255 motion to attack collaterally a question or issue already decided on direct appeal.

11

See Bockenhaupt, 537 F.2d at 1183. Therefore, petitioner's argument is without merit.

### E. Ineffective Assistance Regarding Plea Advice (Ground Five)

Petitioner claims counsel misadvised him when counsel allegedly instructed petitioner that he could not plead "straight up to Count One" without a plea agreement, and if so, he would not receive acceptance of responsibility points. [DE #108 at 12 and DE #111 at 2 and DE #121 at 9]. Petitioner contends he would have done so and retained all his appellate rights. [DE #121 at 9 and 25-26]. Petitioner contends this renders his plea involuntary and the error was clearly prejudicial. [DE #121 at 10-13, 18]. Petitioner additionally contends counsel has yet to provide him all his discovery docs or his trial-file. [DE #121 at 18 citing Exhibit C; DE #124 at 1 (in letter)].

"[A] plea colloquy "'affords the [government] substantial protection against later claims that the plea was the result of inadequate advice.'" Greenoe v. United States, No. 5:10-CR-277-FL, 2014 WL 3510133, at *5-6 (E.D.N.C. July 14, 2014) (quoting Missouri v. Frye, 566 U.S. 134, 242 (2012)). "[I]n the absence of extraordinary circumstances, … allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v.

Lemaster, 403 F.3d 216, 221–22 (4th Cir.2005) (internal quotations omitted). Sworn testimony offered by a criminal defendant in open court affirming his plea agreement "carr[ies] a strong presumption of verity." See id. at 221 (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). Petitioner was advised an appeal waiver in a plea agreement would greatly restrict his ability to appeal. [DE #103 at 7-8]. Petitioner stated that he heard and understood the explanation of his rights. Id. at 14. He affirmed he discussed his appeal waiver in his plea agreement with his attorney. Id. at 17. He affirmed that he understood that by entering the plea agreement and entering a plea of guilty, he may be giving up "his right to appeal and to collaterally attack all or part of [his] sentence." Id. The court found, at his arraignment, petitioner's plea was knowingly and voluntarily entered. Id. at 21.

Against this backdrop, petitioner's conclusory allegations fail to state a claim. See Mann v. United States, 66 F.Supp.3d 728, 742 (E.D. Va. 2014)(finding "[p]etitioner does not have a single piece of record evidence supporting his assertion that he would have pled straight up to the indictment and accepted responsibility for his crime other than his after-the-fact conclusory statements.").

Petitioner has not alleged facts showing counsel's performance was deficient or that counsel's performance, even if

deficient, resulted in prejudice under Strickland. Additionally, petitioner's request for additional file documents is MOOT.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #116], is hereby GRANTED, and petitioner's motion to vacate, [DE #108], is hereby DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 29th day of April 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35